**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:16-cr-153-CEH-AEP

MANUEL PLACIDO RENGIFO AUDIVER

---

# ORDER

This cause comes before the Court on Defendant Manuel Placido Rengifo Audiver's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 147). Proceeding *pro se*, Defendant Rengifo Audiver requests compassionate release based upon his family circumstances and other reasons he contends constitute extraordinary and compelling circumstances to support a reduction in his sentence. The Government opposes Defendant's motion. Doc. 151. Upon review and consideration, and being fully advised on the premises, the Court will deny the motion.

## I. BACKGROUND

On September 22, 2016, Manuel Placido Rengifo Audiver was sentenced to 180 months' incarceration after pleading guilty to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, based on conduct committed on or about March 17, 2016. Doc. 102. Now fifty-eight years old, Defendant is incarcerated at Fort

Dix FCI in New Jersey and is due to be released December 27, 2027. *See* https://www.bop.gov/inmateloc/ (last accessed August 5, 2026).

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his "family is facing an imminent and severe crisis." Doc. 147 at 5. Specifically, Defendant claims that his eighty-one-year-old mother's health is deteriorating, therefore inhibiting her ability to take care of Defendant's adult daughter who suffers from a speech disorder which renders her incapable of self-care. Defendant claims that there are no other individuals who can care for his disabled daughter and elderly mother.

Additionally, Defendant argues that he has been rehabilitated in prison because he has maintained employment and enrolled in multiple courses.

Finally, Defendant argues that other reasons, including denial of his FSA time credits and prolonged incarceration are extraordinary and compelling reasons to support a reduction in his sentence because he was paroled into the United States solely for criminal prosecution and therefore the expedited order of removal issued by DHS/ICE that is preventing FSA credits from being applied should not apply to him.

Responding in opposition (Doc. 151), the Government argues that (1) Defendant failed to mention his other family members when making the argument that only he can take care of his mother and daughter, (2) that rehabilitation alone is not an extraordinary or compelling reason for a sentence reduction, and (3) that a

motion for compassionate release is not the proper vehicle for Defendant to question the legality of his continued detainment.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision now states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. The current version of Section 1B1.13, following an amendment that became effective on November 1, 2023, provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:"

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the policy statement.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) is present, it must consider all applicable factors listed in 18 U.S.C. §

3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

## III. DISCUSSION

### A. Administrative Exhaustion

As a threshold matter, the Court finds that Manuel Placido Rengifo Audiver has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant claims that on April 5, 2026, he sent a letter to the warden requesting that a motion for compassionate release be filed on his behalf. Doc. 147-2. He then sent another request for the same relief on May 2, 2026.[2] Doc. 147-1 at 1. The Government acknowledges that Defendant has exhausted his administrative remedies. Doc. 151 at 5. Since more than thirty days have lapsed since Defendant's requests, the Court finds that Defendant has satisfied the administrative exhaustion requirement and will consider the merits of his motion.

**B. Extraordinary and Compelling Circumstances**

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) and 18 U.S.C. § 3582(c)(1)(A), a defendant must establish that a sentence reduction is warranted. Although Defendant has satisfied administrative exhaustion, he has not established that extraordinary and compelling reasons exist to warrant compassionate release.

Here, Manuel Placido Rengifo Audiver is fifty-eight years old and has not served at least thirty years in prison. Thus, he does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A)(i). Extraordinary and compelling reasons are defined by the United States Sentencing Guidelines' policy

---

[2] On May 18, 2026, Defendant requested this Court hold his motion in abeyance to allow for complete administrative exhaustion. Doc. 148. The Court granted Defendant's motion. Doc. 149.

statement in U.S.S.G. § 1B1.13(b). Defendant argues that the extraordinary and compelling reasons that he qualifies for under U.S.S.G. § 1B1.13(b) are subsections (3) family circumstances of the defendant, and (5) other reasons.

Regarding his family circumstances, Defendant claims that his eighty-one-year-old[3] mother's health is deteriorating, therefore incapacitating her and affecting her ability to remain as the caregiver of Defendant's adult daughter who suffers from a speech disorder which renders her incapable of self-care. Defendant claims that there are no other individuals who can take care of his daughter or elderly mother. Doc. 147 at 5. "To prove that he is the 'only available caregiver,' an inmate must establish that no other likely caregiver is both (1) qualified and (2) free to provide care. An alternative caregiver is *qualified* if he has the capacity to provide the incapacitated person with the care that the person needs. An alternative caregiver is *free* if no material constraint prevents him from providing care." *United States v. Robelo-Galo*, 166 F.4th 1311, 1315 (11th Cir. 2026). The five non-exhaustive factors to determine whether a potential caregiver is qualified and free to provide care are (1) "whether legal barriers prevent the potential caregiver from providing care;" (2) "physical or logistical barriers to caregiving" exist; (3) "whether knowledge or capability-based barriers affect the caregiver's qualifications;" (4) "familial dynamics or relationship history that may bear

[3] The Government points out discrepancies in the record regarding Defendant's mother's age. Doc. 151 at 7. According to the Presentence Investigation Report (Doc. 90) filed on September 15, 2016, Defendant's mother was 68 in 2016. Therefore, Defendant's mother would presently be 78 or 79 years old, but in his motion for compassionate release, Defendant claims that his mother is 81 years old.

on an alternative caregiver's availability;" and (5) "economic, financial, or employment-related barriers that would impact a caregiver's availability." *Id* at 1316–1317.

Defendant fails to address his family members in his motion and demonstrate why they are not qualified and free to provide care. According to the 2016 Presentence Investigation Report (Doc. 90 at 8), both of Defendant's biological siblings as well as his three maternal half-siblings reside in the same city as his mother. Defendant's common-law wife also resides in the same city. *Id.* at 9. At the time of his sentencing, his oldest daughter (who was noted to have mental and physical health problems) resided with her mother, and the youngest daughter (who suffers from hyperthyroidism and other unknown conditions) resided in the same city as Defendant's biological and maternal half-siblings and often stayed with Defendant's common-law wife who also resides in the same city. Doc. 90 at 9-10. While it is not entirely clear from Defendant's motion whether he is referring to his oldest or his youngest daughter, the arguments in his motion suggest he is referring to his oldest child. Regarding any of his children, in light of the numerous other family members in the area of where his children live, Defendant fails to show that he would be the only available caregiver for them as contemplated by U.S.S.G. § 1B1.13(b)(3)(A)[4] or

[4] The following are extraordinary and compelling circumstances that may support compassionate release: "the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." § 1B1.13(b)(3)(A).

for his mother under U.S.S.G. § 1B1.13(b)(3)(C).[5] Thus, his motion fails to show that his family circumstances warrant a reduction in his sentence.

Regarding the "other reasons" under U.S.S.G. § 1B1.13(b)(5) that he proffers, Defendant argues that he has been rehabilitated in prison due to maintaining employment and enrolling in multiple courses. Although rehabilitation may be considered when assessing a reduction, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d).

Lastly, Defendant argues that the denial of his FSA time credits leading to a prolonged incarceration are extraordinary and compelling reasons to support a reduction in his sentence because the expedited order of removal issued by DHS/ICE that is preventing FSA credits from being applied does not apply to him. The focus of compassionate release is "on granting mercy rather than righting legal wrongs." *Fernandez v. United States*, 146 S. Ct. 1292, 1303 (2026). To the extent that Defendant is arguing the illegality of his continued imprisonment based upon an alleged entitlement to FSA time credits, a section 3582(c)(1)(A) motion is not the proper vehicle to address such legal challenges.

[5] "Family circumstances of the Defendant" may warrant compassionate release in the following situation: "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

Because the Court has determined that Defendant is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reasons exist, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *Giron*, 15 F.4th at 1347.

Accordingly, it is **ORDERED**:

1. Defendant Manuel Placido Rengifo Audiver's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 147) is **denied**.

**DONE** and **ORDERED** in Tampa, Florida on August 24, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Manuel Placido Rengifo Audiver, *pro se*